IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18 CR 146

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **SEALED** |
| | ) | **ORDER** |
| TANNER MOREN EAGLE LARCH, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter came before the Court for a competency hearing on December 6, 2019 upon the return of an evaluation of Defendant. The Government was represented by Special Assistant United States Attorney Alexis Solheim. Attorney James Kilbourne appeared with Defendant.

I.     **Relevant Procedural Background**

A Bill of Indictment was filed on December 4, 2018 charging Defendant with one count of unlawful possession of firearms and ammunition after having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1).  (Doc. 1).

Defendant's initial appearance was held on January 7, 2019, at which time the Government moved for pretrial detention.

On January 9, 2019, Defendant was arraigned and, following a hearing, the Government's motion for pretrial detention was allowed.  (Doc. 12).

On August 7, 2019, the Government filed a Motion for Psychiatric or Psychological Evaluation of the Defendant (Doc. 45).

On August 13, 2019, Defendant filed "Defendant's Response to Government's Motion for Psychiatric or Psychological Examination of the Defendant and Defendant's Motion for Forensic Examination." (Doc. 46).

On August 14, 2019, the Government filed a Motion for Mental Examination of the Defendant (Doc. 49).

The undersigned allowed these Motions by Order filed on August 19, 2019 (Doc. 51) and directed that a competency examination and a criminal responsibility examination be performed.

Defendant was admitted to Federal Correctional Institution, Butner ("FCI Butner") on September 4, 2019. The examination period was extended upon the request of FCI Butner. (Doc. 58).

A Forensic Evaluation ("Evaluation") was later received. (Doc. 64).

## II. Findings and Order

In the Evaluation, Forensic Psychologist Heather H. Ross, Ph.D. and Predoctoral Psychology Intern Lauren Delk, MA, MS, recount Defendant's background and provide information regarding their evaluation findings, diagnostic impressions, and opinions regarding Defendant's competency to stand trial, as well as Defendant's prognosis. In an Addendum to the Evaluation, the evaluators also address Defendant's mental state at the time of the alleged commission of the offense.

In part, the evaluators note that during the evaluation period Defendant

displayed an ability to communicate adequately and to cooperate, and that he maintains appropriate self-interest in the outcome of his case, appears to have the reasoning capability to choose between alternatives when important decisions are at stake, and is capable of understanding his options and making rational choices among them. Consequently, the evaluators opine that Defendant is able to understand the nature and consequences of the proceedings against him and assist properly in his defense. (Doc. 64) at 13.

The Government advised that it has no objection to the Evaluation and asked the Court to accept the evaluators' conclusions and to deem Defendant competent.

Defense counsel noted the thoroughness of the Evaluation and advised that Defendant did not have any alternative other than to accept the findings of the Evaluation and move forward with trial.

Having carefully reviewed the Evaluation, which is uncontested, and the Court records, and having considered the positions of the parties, the undersigned does not find by a preponderance of the evidence that Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is either unable to understand the nature and consequences of the proceedings against him or is unable to assist properly in his defense.

Accordingly, Defendant is **DEEMED COMPETENT TO STAND TRIAL.**

Signed: December 11, 2019

W. Carleton Metcalf
United States Magistrate Judge