IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:18-cr-00146-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>TANNER MOREN EAGLE LARCH, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Motion to File Under Seal [Doc. 102].

The Defendant, through counsel, moves the Court for leave to file a Sentencing Memorandum [Doc. 103] and Exhibits [Doc. 103-1] under seal in this case. For grounds, counsel states that the memorandum and exhibits contain confidential health information that is protected under the Health Insurance Portability and Accountability Act ("HIPAA"). [Doc. 102].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting

its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motion. The Defendant filed his motion on June 22, 2020, and it has been accessible to the public through the Court's electronic case filing system since that time.

The Fourth Circuit has addressed the balancing that the Court should undertake in determining what portions, if any, should be redacted from a sentencing memorandum and supporting exhibits in a criminal case. United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). References to a defendant's cooperation are entitled to sealing and should be redacted. No such information, however, is found in the memorandum and exhibits at issue here. As for other information a defendant seeks to seal, the Court should consider the privacy interests of individuals related to a criminal case without undermining the public interest in access to the judicial process, particularly including information material to understanding the case. Id. at 492. For instance, identities of and information regarding a defendant's family members (particularly minors) are rarely germane to the factors for sentencing and thus would ordinarily be allowed to be redacted. Id. However,

the more significant the information to any relief a defendant seeks, the less likely it should be placed in the record under seal.

In the present case, the Defendant's Memorandum contains the identities of and information regarding his adult relationships, as well as personally identifiable information regarding minor children. However, the nature of some of those adult relationships are central to the Defendant's arguments for leniency. The Memorandum also contains the Defendant's personal information regarding his mental health, personal history and background, as well as detailed personal disclosures. But this information, again, is central to the argument Defendant makes for leniency. Therefore, the public's right to know the bases for the actions of this Court outweigh any privacy interest of the Defendant and the other involved adult persons.

The Defendant's Exhibits, however, contain various confidential records, including medical records detailing information that is of less direct relevance or importance to the argument Defendant makes for leniency and is adequately disclosed in the arguments set out in the Defendant's Memorandum. Thus, the public's right of access to such information is substantially outweighed by the Defendant's competing interest in protecting the details of such information. See United States v. Harris, 890 F.3d at 492.

Here, the Defendant has demonstrated that the Memorandum contains the identities of and information regarding minors, and the public's right of access to such information is substantially outweighed by the Defendant's competing interest in protecting the details of such information. In addition, the Defendant's Exhibits containing various confidential records are likewise entitled to protection. However, the portions of the Memorandum regarding the Defendant's mental health, personal history and background, as well as detailed personal disclosures, are central to the argument the Defendant presents in favor of the relief sought. Therefore, the public's right to know the bases for the actions of this Court outweigh any privacy interest of the Defendant and the other involved persons.

Having considered less drastic alternatives to sealing the Defendant's Memorandum, the Court concludes that less drastic alternatives to wholesale sealing of the Defendant's Memorandum is feasible.

Accordingly, the Defendant's Motion to Seal is granted in part and denied in part, and counsel shall be permitted to file the Memorandum under a provisional seal. However, the Defendant shall also file a publicly accessible version of the Memorandum redacting only those portions containing the identities of and information regarding minors. The Defendant's Exhibits shall be permitted to remain under seal.

4

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to File Under Seal [Doc. 102] is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Motion is **GRANTED** to the extent that the Defendant's Sentencing Memorandum [Doc. 103] shall remain provisionally under seal and that the Defendant's Exhibits [Doc. 103-1] shall remain under seal until further Order of the Court. The Motion is **DENIED** to the extent that the Defendant shall file a redacted version of the Sentencing Memorandum on the public docket within fourteen (14) days.

**IT IS FURTHER ORDERED** that upon the filing of an appropriately redacted version of the Sentencing Memorandum on the public docket, the unredacted Sentencing Memorandum [Doc. 103] shall remain under seal until further Order of the Court.

**IT IS SO ORDERED.**

Signed: June 26, 2020

Martin Reidinger
Chief United States District Judge