# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:18-cr-00146-MR-WCM-1

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| **TANNER MOREN EAGLE LARCH,** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's letter [Doc. 124] received by the Court on September 21, 2020.

On January 7, 2020, the Defendant was found guilty following a trial by jury of two counts of possession of a firearm after having been convicted of a felony. [Doc. 83]. On June 25, 2020, the Court sentenced the Defendant to a term of 92 months' imprisonment. [Doc. 274]. The Defendant filed a notice of appeal of this Judgment on June 29, 2020. [Doc. 108]. The Fourth Circuit Court of Appeals appointed the Defendant's trial counsel as counsel on appeal. [Doc. 113]. On July 10, 2020, the Court of Appeals granted counsel's motion to withdraw and appointed another attorney to represent

the Defendant on appeal. [Doc. 115]. The Defendant's appeal remains pending.

On September 21, 2020, the Court received the present letter from the Defendant, in which he appears to assert claims of ineffective assistance against his trial counsel. [Doc. 124]. The Court will construe the Defendant's letter as a motion seeking relief based on allegations of ineffective assistance.

Generally speaking, the filing of a notice of appeal divests the district court of jurisdiction over a case. See United States v. Wooden, 230 F. App'x 243, 244 (4th Cir. 2007) (per curiam). "The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam). As such, this Court lacks jurisdiction to entertain the Defendant's motion.

Moreover, the Defendant is currently represented by counsel on appeal. The Court does not ordinarily entertain motions filed by a criminal defendant who is represented by counsel and who has not formally waived his right to counsel. See LCrR 47.1(g). Thus, even if the Court could

2

exercise jurisdiction over the Defendant's motion, it would be denied as improperly filed.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion [Doc. 124], is **DENIED**.

**IT IS SO ORDERED**.

Martin Reidinger
Chief United States District Judge