IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00049-MR
(CRIMINAL CASE NO. 1:18-cr-00146-MR-WCM-1)

| | | |
|---|---|---|
| TANNER MOREN EAGLE LARCH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Petitioner's Pro Se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, [CV Doc. 1],[1] and Petitioner's Motion for an Order to Show Cause, [CV Doc. 3].

## I.   BACKGROUND

On May 15, 2012, Petitioner Tanner Moren Eagle Larch ("Petitioner") pleaded guilty to two counts of robbery by force on Indian territory and aiding and abetting the same in violation of 18 U.S.C. §§ 2111, 1153, and 2.

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 1:23-cv-00049-MR, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 1:18-cv-00146-MR-WCM-1.

[Criminal Case No. 2:12-cr-00006-MR-WCM-4, Doc. 58: Acceptance and Entry of Guilty Plea; Id., see Doc. 46: Plea Agreement, Doc. 1: Bill of Indictment]. During his plea colloquy in that proceeding, Petitioner attested that he understood that pleading guilty to a felony may deprive him of certain civil rights, including the right to possess a firearm. [Id., Doc. 58 at ¶ 28: Acceptance and Entry of Guilty Plea]. Petitioner was sentenced to a term of imprisonment of 78 months on each count, to run concurrently. [Id., Doc. 112 at 2: Judgment]. On February 20, 2018, Petitioner was released from Bureau of Prisons' custody. [Id., Doc. 167 at 3: U.S. Probation Petition].

On September 14, 2018, while on supervised release, Petitioner committed the instant offenses of conviction, two counts of possession of firearms and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). [CR Doc. 37: Superseding Bill of Indictment]. Before trial, the parties stipulated that, "prior to the date of offense listed in the indictment, [Petitioner] had been convicted in a court of law of a crime punishment by imprisonment for a term exceeding one year," as defined in 18 U.S.C. § 921(a)(20). [CV Doc. 36: Notice of Stipulation (Prior Felony Conviction)]. The parties further stipulated that Petitioner "knew about this conviction" and that his "rights to possess firearms" had not been restored (collectively, "Felony Stipulation"). [Id.]. The Government read the Felony Stipulation to

2

Case 1:18-cr-00146-MR-WCM   Document 136   Filed 04/24/23   Page 2 of 10

the jury at the end of its case-in-chief. [CR Doc. 121 at 202-03]. A jury convicted Petitioner of both charges. [CR Doc. 83: Jury Verdict]. At sentencing, Petitioner asked the Court to give him a lower sentence because he had "just [served] 78 months for an armed robbery charge." [CR Doc. 120 at 137-38: Sentencing Tr.]. The Court sentenced Petitioner to a term of imprisonment of 92 months, to run consecutively to his eight-month revocation sentence,[2] and to a term of supervised release of three years. [CR Doc. 105 at 2: Judgment]. Petitioner appealed. [CR Doc. 108: Notice of Appeal]. On appeal, Petitioner argued "for the first time that the Government presented no evidence at trial that he knew he had been convicted of a crime punishable by a term of imprisonment exceeding one year when he possessed the firearm ("knowledge-of-status element")." United States v. Larch, No. 20-4350, 2022 WL 621787 (4th Cir. Mar. 3, 2022) (citing Rehaif v. United States, 139 S.Ct. 2191, 2194 (2019)[3]). Without addressing the Felony Stipulation, the Fourth Circuit held that, because Petitioner did not challenge the sufficiency of the evidence supporting the

---

[2] The Fourth Circuit affirmed Petitioner's eight-month revocation sentence. United States v. Larch, 829 Fed. App'x 636 (4th Cir. 2020).

[3] In Rehaif, the Supreme Court held "that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." Rehaif, 139 S.Ct. at 2200.

3

knowledge-of-status element in his Rule 29 motions,[4] but rather argued that there was insufficient evidence to prove that he was the individual who possessed the firearms, he waived the knowledge-of-status argument on appeal unless he was able to show "that a manifest miscarriage of justice occurred." Id. at *1. The Fourth Circuit concluded that, under the plain-error standard, Petitioner could not show that a manifest miscarriage of justice occurred because he "[could not] reasonably argue that he did not know he was a convicted felon when he possessed the firearms and, therefore, any Rehaif error did not affect his substantial rights." Id. at *2 (citing Greer v. United States, 141 S.Ct. 2090, 2097-98 (2021)).

Now before the Court is Petitioner's motion to vacate pursuant to 28 U.S.C. § 2255. [CV Doc. 1]. Petitioner argues that (1) his trial counsel was ineffective for failing to challenge the sufficiency of the evidence supporting the knowledge-of-status element under Rehaif; (2) his "nonviolent" § 922(g) convictions are unconstitutional under the Second Amendment after New York State Rifle & Pistol Assn., Inc. v. Bruen, 142 S.Ct. 2111 (2022); and (3) his supervised release sentence violates his Fifth and Sixth Amendment due

---

[4] Under Federal Rule of Criminal Procedure 29, after the close of the Government's evidence or the close of all the evidence, a defendant may move for judgment of acquittal of any offense "for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a).

process rights. [Id. at 4-5, 7]. Petitioner asks for counsel and an evidentiary hearing. For relief, he asks that his conviction be vacated. [Id. at 12].

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Under 28 U.S.C. § 2255, a petitioner is entitled to relief when his original sentence "was imposed in violation of the Constitution or laws of the United States, … or that the sentence was in excess of the maximum imposed by law…." 28 U.S.C. § 2255(a).

### A. Ineffective Assistance of Counsel

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective

assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

Petitioner argues that he received ineffective assistance of counsel because, under Rehaif, his attorney failed to move for judgment of acquittal based on the lack of evidence on the knowledge-of-status element. Petitioner contends that, if his attorney had raised the issue, "a new trial would have been ordered and the government would have been unable to

6

establish that [Petitioner] knew about his conviction." [CV Doc. 1-1 at 5-6]. Petitioner's claim on this ground is meritless and will be dismissed.

As noted, "[i]n felon-in-possession cases after Rehaif, the Government must prove not only that the defendant knew he possessed a firearm, but also that *he knew he was a felon* when he possessed the firearm." Greer, 141 S. Ct. at 2095 (citing Rehaif, 139 S.Ct. at 2199-2200). "As many courts have recognized and as common sense suggests, individuals who are convicted felons ordinarily know that they are convicted felons." Id. Here, Petitioner does not allege that he was unaware of his felony status. Rather, he alleges only that, had a new trial been ordered, "the government would have been unable to establish that [Petitioner] knew about his conviction." [CV Doc. 1-1 at 6]. Even if this unsupported assertion were enough to raise the issue, it is directly contradicted by the record. Petitioner was convicted of two felonies in 2012 and served concurrent sentences of 78 months. At his plea colloquy in that case, Petitioner attested to understanding that pleading guilty to a felony may deprive him of certain civil rights, including the right to possess a firearm. Moreover, Petitioner directly stipulated to having been a felon at the time he possessed the firearms at issue and of knowing at that time that he was a felon. This evidence was presented to the jury. Finally, "in the analogous context of establishing prejudice on plain-error review,"

United States v. Waters, No. 19-7240, --- F.4th ---, 2023 WL 2699503, at *4 (2023), the Fourth Circuit, without addressing the Felony Stipulation, concluded that Petitioner "cannot reasonably argue that he did not know he was a convicted felon when he possessed the firearms," Larch, 2022 WL 621787, at *2. For these reasons, Petitioner has failed to meet his burden to prove prejudice. See Bowie, 512 F.3d at 120. Absent a showing of prejudice, the Court need not examine the performance prong.[5] See Rhynes, 196 F.3d at 232. The Court will deny and dismiss this claim.

## B. Second Amendment

The Second Amendment to the United States Constitution does not protect a convicted felon's "right" to bear arms. See United States v. Mahin, 668 F.3d 119, 123 (4th Cir. 2012) (collecting cases declining to overturn on Second Amendment grounds criminal convictions under 18 U.S.C. § 922(g)). Bruen, which regards the right of "law-abiding citizens with ordinary self-defense needs" to keep and bear arms, does not change this conclusion. See Bruen, 142 S.Ct. at 2156. Petitioner's claim based on the Second Amendment is without merit and will be dismissed.

---

[5] The Court does note that, given Petitioner's stipulation to having known of his felon status at the relevant time, there was no room for his attorney to argue under Rule 29 that the evidence was insufficient to establish this element.

## C. Supervised Release

Finally, Petitioner argues that "federal supervised release is unconstitutional because it fails to accord the Fifth and Sixth Amendment protections." [Doc. 1-1 at 10]. Petitioner asks the Court to declare federal supervised release unconstitutional and to terminate his term of supervised release. [Id.]. This ground for relief is also meritless and will be dismissed. See, e.g., United States v. Ward, 770 F.3d 1090, 1099 (4th Cir. 2014) ("We conclude that the conditional liberty to which those under supervised release are subject entails the surrender of certain constitutional rights….") (collecting cases).

The Court will, therefore, deny and dismiss Petitioner's Section 2255 Motion to Vacate and denies Petitioner's requests for counsel, an evidentiary hearing, and an order for Respondent to show cause as moot.

## IV. CONCLUSION

Having concluded that Petitioner is not entitled to relief, the Court will deny and dismiss Petitioner's Section 2255 Motion to Vacate.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## O R D E R

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for an Order to Show Cause [Doc. 3] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED**.

Signed: April 21, 2023

Martin Reidinger
Chief United States District Judge