THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:18-cr-00146-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| TANNER MOREN EAGLE LARCH, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Reduced Sentence under Amendment 821 [Docs. 141, 144, 147].[1]

## I. BACKGROUND

In September of 2018, sheriff's deputies in Jackson County, North Carolina, attempted to detain the Defendant Tanner Moren Eagle Larch at a high school football game because the Defendant was subject to an arrest warrant for violating the terms of his federal supervised release. [Doc. 100: PSR at ¶¶ 7-8]. As a deputy reached out to grab the Defendant's arm, the

---

[1] The Defendant initially filed a *pro se* letter, inquiring as to whether he "fit the criteria" for a reduction in sentence pursuant to the 2023 amendments to the U.S. Sentencing Guidelines. [Doc. 141]. Thereafter, counsel appeared and filed a motion for reduction of sentence on the Defendant's behalf. [Doc. 144]. While that motion was pending, the Defendant filed a *pro se* motion for sentence reduction. [Doc. 147]. For the sake of convenience, the Court will refer to these multiple requests for relief simply as the Defendant's "Motion."

Defendant began to run and pulled out a loaded handgun. [Id. at ¶ 8]. The Defendant "lost control of the firearm and dropped it to the ground" but kept running. [Id.]. Not long thereafter, the Defendant, while holding a different loaded firearm behind his back, approached five young men standing outside of a car in the parking lot behind the high school gym. [Id. at ¶ 9]. The Defendant told the boys that he needed a ride, but having seen the gun behind the Defendant's back, two of the boys wrestled the gun from the Defendant's hand. [Id.]. The Defendant again ran away, but was eventually detained after a deputy tased and punched him. [Id. at ¶¶ 9-10]. At the time the Defendant committed these offenses, he was on federal supervised release following two robbery convictions and serving a sentence of 78 months' imprisonment. [Id. at ¶ 45].

A federal grand jury indicted the Defendant and charged him with two counts of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). [Doc. 37]. A jury convicted the Defendant of both offenses. [Doc. 83].

In advance of sentencing, the Court's probation office submitted a Presentence Report and calculated a total offense level of 26, which included an increase of two levels because one of the guns was stolen, an increase of two levels for reckless endangerment, and an increase of two levels for

obstruction of justice. [Doc. 100: PSR at ¶¶ 20, 23-24, 28]. The Defendant's criminal history garnered five criminal history points related to his prior convictions. [Id. at ¶ 46]. The probation office also assessed the Defendant two criminal history "status" points because he committed his offense while he was on post-release supervision. [Id. at ¶ 47]. Thus, the Defendant was assessed a total of seven criminal history points, which corresponded to a criminal history category of IV. [Id. at ¶ 48]. Based on a total offense level of 26 and a criminal history category of IV, the probation office calculated an advisory guidelines range of 92 to 115 months' imprisonment. [Id. at ¶ 99].

The Court sentenced the Defendant to 92 months' imprisonment for each offense, to be served concurrently. [Doc. 106 at 2].

The Defendant now moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Part A of Amendment 821 to the United States Sentencing Guidelines. [Docs. 141, 144, 147]. While acknowledging that he is eligible for relief, the Government opposes the Defendant's request for a sentence reduction. [Doc. 145]. The Defendant has filed a *pro se* Reply. [Doc. 148].

## II. STANDARD OF REVIEW

Pursuant to § 3582(c)(2), the Court may modify a term of imprisonment that was based on a sentencing range that has subsequently been lowered

3

by the Sentencing Commission, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

When addressing a § 3582(c)(2) motion based on a retroactive guidelines amendment, the Court follows a two-step process. At the first step, the Court must "follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." United States v. Martin, 916 F.3d 389, 395 (4th Cir. 2019) (quoting Dillon v. United States, 560 U.S. 817, 827 (2010)). In so doing, the Court "begin[s] by determining the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." Martin, 916 F.3d at 395 (quoting Dillon, 560 U.S. at 827). At the second step, the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Martin, 916 F.3d at 395 (quoting Dillon, 560 U.S. at 827).

## III. DISCUSSION

At the time that the Defendant was previously sentenced, U.S.S.G. § 4A1.1 provided for the addition of two criminal history "status" points if the defendant committed the offense of conviction while under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. U.S.S.G. § 4A1.1(d) (2019). Part A of Amendment 821, effective November 1, 2023, amended this provision. As revised, § 4A1.1 eliminates the addition of such status points for a defendant who has six or less criminal history points and provides for the addition of only one status point for those defendants with seven or more criminal history points. U.S.S.G. § 4A1.1(e) (2023). The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under § 3582(c)(2). U.S.S.G. Amend. 825; see U.S.S.G. § 1B1.10(d). This retroactivity amendment provides that any order reducing a defendant's sentence must have "an effective date of February 1, 2024, or later." U.S.S.G. Amend. 825; see also U.S.S.G. § 1B1.10 cmt. n.7.

The Defendant is eligible for a sentence reduction under Amendment 821. At the time of his sentencing, the Defendant was assigned a total of seven criminal history points, including two "status points" under § 4A1.1(d)

5

(2019), which corresponded to a criminal history category of IV. With the revision to § 4A1.1 under Amendment 821, the Defendant would receive zero status points, reducing his criminal history score to five. That score corresponds to a criminal history category of III, which results in a revised advisory guidelines range of 78 to 97 months.

Having determined the amended guidelines range that would have been applicable to the Defendant had the relevant amendment been in effect at the time of the initial sentencing, the Court now turns to the § 3553(a) factors to determine whether the reduction authorized by Amendment 821 is warranted in whole or in part.

The Defendant contends that the Court should reduce his sentence to a term of 78 months, the low end of the revised guidelines range. [Doc. 144 at 1]. However, a review of the § 3553(a) factors and the Defendant's conduct while incarcerated counsel against a reduced sentence. Although the Defendant has completed some educational programs and work assignments in prison, he has also committed four serious disciplinary infractions, with his most recent infraction (indecent exposure) occurring only a month ago. [Doc. 146 at 2-3]. The Defendant committed the present offenses while he was on supervised release after serving a 78-month sentence for two robbery convictions, and his offense conduct was extremely

6

dangerous. The Defendant approached four high school students with a loaded firearm at a high school football game. In sum, the Court finds that the nature of the Defendant's offense conduct, his violent criminal history, and his prison misconduct all weigh against a discretionary sentence reduction. For all of these reasons, the Court in its discretion denies the Defendant's motion for a sentence reduction.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Reduced Sentence under Amendment 821 [Docs. 141, 144, 147] is **DENIED**.

**IT IS SO ORDERED.**

Signed: March 25, 2024

Martin Reidinger
Chief United States District Judge